IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CARRIER CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:24-CV-187-DII |
| DAVID W. HOLMES, et al., | § § § | |
| Defendants. | § | |

### ORDER

Before the Court is the Report and Recommendation from United States Magistrate Judge Mark Lane concerning Plaintiff's Motion for Preliminary Injunction. (Dkt. 37). (R&R, Dkt. 66). Pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Judge Lane issued his report and recommendation on September 20, 2024. (*Id.*). As of the date of this order, no party has filed objections to the report and recommendation.

Pursuant to 28 U.S.C. § 636(b), a party may serve and file specific, written objections to a magistrate judge's proposed findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure de novo review by the district court. When no objections are timely filed, a district court can review the magistrate's report and recommendation for clear error. *See* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because no party has filed timely objections, the Court reviews the report and recommendation for clear error. Having done so and finding no clear error, the Court accepts and adopts the report and recommendation as its own order.

1

Accordingly, the Court **ORDERS** that the Report and Recommendation of the United States Magistrate Judge, (Dkt. 66), is **ADOPTED**. Plaintiff's Motion for Preliminary Injunction, (Dkt. 37), is **GRANTED** in part.

Defendants are **ENJOINED** until January 12, 2025, as follows:

1. Defendants David W. Holmes, Jeremy D. Bates, and Way Service, Ltd. are **ENJOINED** from accessing, distributing, benefitting from, or other use of any of Carrier's trade secrets or confidential information;

2. Defendant David Holmes is **ENJOINED** from having any business contact with any Carrier customer or individual/business who had been a Carrier customer during the three months preceding Holmes's termination from Carrier; and

3. Defendant David Holmes is **ENJOINED** from having any business contact with any Carrier employee or individual who had been a Carrier employee during the three months preceding his termination for an opportunity outside of Carrier.

All other requested relief is **DENIED**.

**SIGNED** on October 10, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE